### ROBBINS v. BANK OF M. & L. JARMULOWSKY.

(Supreme Court, Appellate Term. November 10, 1904.)

1. BANK DEPOSIT—ACTION BY ASSIGNEE.

Testimony of J. B. that he opened a depositor's account with defendant bank, a bankbook containing an account of M. B. & Son with the bank, and further testimony of J. B. that he assigned his claim to plaintiff, does not authorize a recovery for plaintiff, it not being shown who M. B. & Son were, or what authority J. B. had to assign an account belonging to them as evidenced by the bankbook.

2. PAROL EVIDENCE.

An assignment of a bank account being in writing, it cannot be proved by oral testimony.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Emanuel Robbins against the Bank of M. & L. Jarmulowsky. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF, and FITZGERALD, JJ.

Leon Raunheim, for appellant.
Nathaniel Tonkin, for respondent.

FREEDMAN, P. J. The evidence in this case given by both parties is very obscure and uncertain, and a judgment based upon the testimony given by the plaintiff ought not to be allowed to stand. John Becker was the only witness sworn on behalf of the plaintiff. He testified that he opened a depositor's account with the defendant bank, and offered in evidence a book containing an account with the bank and M. Becker & Son. This witness further testified that he had assigned his claim against the bank to this plaintiff, but he failed to show who M. Becker & Son were, or what connection he had with them, or what authority he had to assign an account belonging to them as shown by their bankbook offered in evidence by him. Becker further claimed that there was a balance due him from the defendant bank, which he had demanded, and the bank had refused to pay. The only testimony given in

support of this was a check drawn on the defendant bank, signed "M. Becker & Son," for the sum of $137.50, which had evidently been refused payment for the reason that there were "not sufficient funds." It is also apparent from a reading of the testimony that the assignment from Becker to the plaintiff, if any was ever made, was in writing, and his parol testimony regarding it should have been excluded by proper objection thereto. The record presents a very unsatisfactory situation. There is nothing in the record binding upon or precluding M. Becker & Son from instituting an action and recovering from the defendants upon the same claim upon which plaintiff has recovered a judgment herein.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.